IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2007 FEB 27  AM 11:29

JUDGE KATHLEEN CARDONE

| | |
|---|---|
| TERESA FRANCO § | |
| Plaintiff(s) § | |
| § | |
| v. § | Cause No. _____ |
| § | |
| NATIONAL ASSET RECOVERY § | |
| SERVICES, INC., § | |
| and JOHN and/or JANE DOES 1-10 § | |
| Defendant(s) § | COMPLAINT |

EP07CA0074

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Texas Finance Code Chapter 392.001 et. seq; and the invasions of Plaintiff's personal privacy and the intentional infliction of emotional distress caused by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Teresa Franco (hereinafter "FRANCO") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Texas Finance Code 392.001(6).

5. Defendant National Asset Recovery Services, Inc., (hereinafter "NARS") is a collection agency operating from an address of 733 Crown Industrial Court, Ste. G, Chesterfield, MO 63005, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). NARS can be served with process by mailing a copy of same to its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos St., Ste. 1030, Austin, Texas 78701.

6. Defendants John and/or Jane Does No. 1-10 are employees of NARS and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

LAW OFFICE OF
SCOTT A. VOGELMEIER
303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

7. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

8. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

9. On or about January 24, 2007, FRANCO received a call at her place of employment from an employee of NARS who attempted to collect upon a consumer debt the caller claimed FRANCO owed to NARS' client Victoria's Secret.

10. During the conversation referred to in paragraph 9 above, the caller was informed FRANCO had no, nor did she ever have, an account with Victoria's Secret.

11. During the conversation referred to in paragraphs 9 and 10 above, FRANCO requested that she not be phoned again about this account and that particularly, she not wish to be phoned at her place of employment as she is the owner of said business, and the calls were a distraction to FRANCO and her staff.

12. Additionally, during the conversation referred to in paragraph 9 - 11 above, the caller failed to state that he and NARS were debt collectors and that any information obtained by NARS would be used for that purpose.

13. Alarmed by the call, FRANCO phoned Victoria's Secret and spoke to a gentleman named "Frank" who verified FRANCO's social security number did not exist in Victoria's Secret's database.

14. Further, Frank verified that FRANCO's office, cellular and home phone numbers were not in Victoria's Secret's database.

15. During the conversation referred to in paragraph 13 and 14 above, Frank stated that he believed NARS was simply phoning the "wrong Teresa Franco."

LAW OFFICE OF

SCOTT A.
VOGELMEIER

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

16. On February 2, 2007, after FRANCO had closed her business for the day, a representative of NARS phoned FRANCO, stated that she was "Ms. Dixon" that she was calling about FRANCO's Victoria's Secret account and requested that FRANCO phone her back at 1-866-869-5503.

17. The message referred to in paragraph 18 above could have been, and in fact was played by employees of FRANCO causing her great embarrassment and further, disrupting FRANCO's business.

18. FRANCO, in response to the call referred to in paragraph 16 and 17 above, returned Ms. Dixon's phone call.

19. During this conversation, Ms. Dixon failed to inform FRANCO that she and NARS are debt collectors and that any information obtained by NARS would be used for that purpose.

20. Further, FRANCO informed Ms. Dixon that she had already spoken to an NARS employee and informed him this was not her account, that she did not wish to be contacted about it and that NARS nor their employees were not to contact her at work.

21. Ms. Dixon responded to FRANCO that if her name was Teresa Franco, she owed a balance of $400.00 to Victoria's Secret and that she was calling to collect.

22. At that point, Ms. Dixon demanded FRANCO's social security number which FRANCO refused to provide.

23. Ms. Dixon told FRANCO that FRANCO must provide her social security number or she would continue to phone her notwithstanding FRANCO's request that she not do so.

24. There is no law, regulation or ordinance which would require FRANCO to divulge her social security number to someone with whom she has no business relationship.

25. At the conclusion of the conversation referred to in paragraph 18 - 24 above, FRANCO once again, phoned Victoria's Secret and spoke with "Rob" who once again confirmed FRANCO had no account with Victoria's Secret.

26. On February 2, 2007, FRANCO once again received a telephone call from Ms. Dixon at NARS who, once again, insisted FRANCO pay on the Victoria's Secret account.

27. Once again, during this phone call Ms. Dixon failed to state she and NARS are debt collectors and that any information obtained by NARS would be used for that purpose.

28. Once again, Ms. Dixon insisted FRANCO provide her with FRANCO's social security number.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

29. Once again, FRANCO felt compelled to call Victoria's Secret and confirm, once again that she has no account with Victoria's Secret.

30. On February 13, 2007, after FRANCO had closed her business for the day, a representative of NARS phoned FRANCO, stated that she was "Ms. Dixon" that she was calling about FRANCO's Victoria's Secret account and requested that FRANCO phone her back at 1-866-869-5503.

31. Once again, the message referred to in paragraph 30 above could have been, and in fact, was played by employees of FRANCO causing her great embarrassment and further, disrupting FRANCO's business.

32. On February 15, 2007, a caller from NARS stated they would except 80% of the balance as settlement in full.

33. Once again, FRANCO informed the NARS employee this was not her account, that she did not wish to be contacted about it and that NARS was not to contact her at work.

34. NARS, through its employee, asked if FRANCO resided at 6425 Amposta and if the last four digits of her social security number was 1964, to which FRANCO responded in the negative.

35. FRANCO was told during the telephone conversation that if she did not wish to keep receiving telephone calls about this matter, she must file a police report for identity theft and fax the report to 636-537-3444.

36. FRANCO is under no obligation to file a police report nor is she under any obligation to fax same to NARS.

37. On February 16, 2007, FRANCO received another collection call from NARS substantially along the same lines as the previously alleged conversations.

38. Once again, on February 19, 2007, FRANCO's employee received another collection call from NARS substantially along the same lines as the previously alleged conversations.

39. The harassing calls continue to this date.

40. The conduct of Defendants and each of them in harassing Plaintiff(s) in an effort to collect an alleged debt by disclosing to third parties the alleged debt; by making false, deceptive and/or misleading representations in connection with the collection of a debt; by engaging in conduct, the natural consequences of which, is to harass, oppress or abuse Plaintiff(s) in connection with the collection of a debt; by contacting Plaintiff at her place of employment after having been instructed not to do so; by attempting to collect a debt Plaintiff, in fact, does not even owe; and by using unfair or unconsciousable means to collect a debt is violative of numerous and multiple

LAW OFFICE OF

SCOTT A.
VOGELMEIER

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692a(1) and (3); 1692a(b); 1692d; 1692e; 1692e (2)(A), (10), and (11); 1692f and 1692f(1). Further, the acts of Defendants are violative of Texas Finance Code § 392.303(2) and 392.304(19).

### *Summary*

41. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of his/her/their personal privacy.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II

### TEXAS FINANCE CODE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code, including, but not limited to, each and every one of the above-cited provisions of the Texas Finance Code § 392 et seq.

47. Plaintiff is entitled to recover both statutory and actual damages along with reasonable attorney's fees, and costs.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

-5-

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. The Plaintiff had a reasonable expectation of privacy, solitude and seclusion, in Plaintiff's private concerns or affairs.

50. Defendants intentionally intruded on the Plaintiff's solitude, seclusion, and/or private affairs.

51. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

52. As a result of such invasions of privacy, Plaintiff suffered a severe injury and is therefore entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

54. Defendants' acted intentionally or recklessly while attempting to collect on the alleged debt.

55. Defendants' conduct was extreme and outrageous.

56. Defendants' conduct was directed at the Plaintiff or a third person in the Plaintiff's presence.

57. The Defendants' conduct proximately caused the Plaintiff emotional distress.

58. The emotional distress suffered by Plaintiff was severe.

### **TRIAL BY JURY**

59. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

LAW OFFICE OF

*SCOTT A. VOGELMEIER*

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

- for an award of actual damages pursuant to 392.403(2) against each and every Defendant.

- for an award of statutory damages of $100.00, pursuant to 392.403(e) for each and every violation of the act against each and every Defendant.

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

- for an award of actual damages from each and every Defendant for the intentional infliction of emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Scott A. Vogelmeier*

**SCOTT A. VOGELMEIER**
**Attorney for Plaintiff**
State Bar No.: 24015139
303 Texas Ave., Suite 502
El Paso, Texas 79901
(915) 544-3100
(915) 577-0160 Facsimile

*LAW OFFICE OF*

*SCOTT A. VOGELMEIER*

303 Texas Ave.
Suite 502
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

-7-

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Western__ District of __Texas__

FEDERICO SANCHEZ

v.

NATIONAL ASSET RECOVERY
SERVICES, INC.,
and JOHN and/or JANE DOES 1-10

SUMMONS IN A CIVIL ACTION

CASE NUMBER: JUDGE KATHLEEN CARDONE

EP07CA0074

TO: (Name and address of Defendant)

NATIONAL ASSET RECOVERY SERVICES, INC.
c/o Corporation Service Company
dba CSC - Lawyers Incorporating Service Company
701 Brazos St., Ste. 1030
Austin, Texas 78701

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

SCOTT A. VOGELMEIER
303 TEXAS AVENUE, SUITE 502
EL PASO, TEXAS 79901

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

William G. Putnicki
CLERK

2/27/07
DATE

(By) DEPUTY CLERK